

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 21, 1990

Honorable David Aken
San Patricio County
  Attorney
Courthouse, Room 102
Sinton, Texas 78387

Opinion No. JM-1268

Re: Authority of a commissioners court to grant salary increases to selected county employees without amending its budget (RQ-2099)

Dear Mr. Aken:

You ask whether the commissioners court of San Patricio County may grant salary increases to county employees without amending the budget. You state that budgeted funds not expended for vacant positions in county officials' offices were redistributed to other employees in the respective offices by establishing new "step-grades" within the offices.[1]

The action taken by the commissioners court is reflected by the following scenario contained in your request. A clerk's position became vacant in an elected official's office and no replacement was named. Funds budgeted for the vacant position were redistributed to other positions occupied by non-elected employees without any change resulting in the total amount budgeted for the office.

---

1. From the facts you have related we understand the action taken by the commissioners court was designed to grant prospective increases for non-elected positions. Under these circumstances, the prohibition against retrospective compensation contained in section 53 of article III of the Texas Constitution is not violated. Nor does the commissioners court run afoul of the provision of section 151.004 of the Local Government Code prohibiting the commissioners court from determining the individual that fills a position.

Attorney General Opinion JM-326 (1985) concluded that then article 3912k, section 2(a), V.T.C.S., now section 152.013 of the Local Government Code, does not prohibit the commissioners court from fixing the salaries of non-elected positions at times other than the regular budget hearing.

Your concern over the action taken is that the commissioners court did not enter an order amending the budget nor make any finding that there was an "emergency" or "grave public necessity" that would authorize a transfer of an amount budgeted for one item to another. Subsection (d) of section 111.010, as adopted by the 71st Legislature and applicable to commissioners courts in counties with fewer than 225,000 people, provides:

> (d) The commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure.

Acts 1989, 71st Leg., ch. 167, at 549 (effective May 25, 1989).

Each portion is listed as a separate item in the budget. While it is no longer necessary for the commissioners court to find that an emergency exists to justify a transfer from one budgeted item to another, the express provisions of subsection (d) contemplate that the budget be amended to reflect the transfer from one budgeted item to another. We believe this to be the case even though no change occurs in the total amount budgeted for salaries in the official's office.

### S U M M A R Y

The commissioners court of San Patricio County may not grant salary increases to selected county employees without amending the budget.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General